**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdullah Mujahid,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-21-00115-TUC-SHR<br><br>**Order Accepting R&R** |

On March 7, 2023, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 24) in which he recommended the Court dismiss Petitioner Abdullah Mujahid's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1). The Court has reviewed the record, including Petitioner's Objection (Doc. 25) and Respondent's Reply (Doc. 26), and accepts Judge Macdonald's R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**I.     Standard of Review**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). However, objections to R&Rs "are not to be construed as a second opportunity

to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

**II.     Background**

The Court adopts the following unobjected-to facts as set forth in the R&R:

> In March 1989, Mujahid pleaded guilty to first-degree murder, theft, and second-degree burglary for offenses committed in 1988 when he was 17 years old. (Doc. 13-1 at 4-9, Exh. A, Doc. 13-1 at 11-26, Exh. B, Doc. 13-2 at 155-56, Exh. L.) At sentencing, defense counsel asked the trial court to determine "whether [it] should perhaps reject [the plea agreement] as being too harsh" based upon information contained in the presentence report and a doctor's report. (Doc. 13-1 at 31, Exh. C at 4.) The trial court found the plea agreement should be accepted, and, consistent with the plea agreement, sentenced Mujahid to life with parole eligibility after 25 years for the murder, 10 years for the theft and 10 years for the burglary. (Doc. 13-1 at 35, 36-38, Exh. C at 8, 10-11; Doc. 13-2 at 155-56, Exh. L.) All three sentences were ordered to be served consecutively. (Doc. 13-1 at 37-38, Exhs. C at 10–11; Doc. 13-2 at 155-56, Exh. L.) Mujahid was granted parole on the life sentence in 2014 and will be eligible for release after serving two-thirds of each of his remaining prison terms. (Doc. 13-2 at 155-56, Exh. L.) On September 12, 2016, Mujahid filed a notice of post-conviction relief ("PCR"). (Doc. 13-1 at 41-43, Exh. D.) On May 8, 2017, Mujahid filed his PCR petition, (Doc. 13-1 at 45-106, Exh. E), and following several extensions and a stay, filed an amended PCR petition on May 31, 2019. (Doc. 13-1 at 108-135, Exh. F.) In his petition, Mujahid argued that his sentences cumulatively amounted to a de facto life sentence without the possibility of parole which violated his Eighth Amendment right to be free from cruel and unusual punishment under the Supreme Court's holdings in *Miller* and *Montgomery*. *Id*. He based his argument that his cumulative sentence amounted to life without the possibility of parole on life expectancy estimates. *Id*.

The State responded, arguing Mujahid was not entitled to relief under *Miller* or *Montgomery* because Mujahid was never subjected to a sentence of life without the possibility of parole. (Doc. 13-2 at 105-108, Exh. H.) The State observed that the Arizona [C]ourt of [A]ppeals had rejected a similar argument in a separate case. *Id.*; *see also State v. Helm*, 431 P.3d 1213 (Ariz. App. 2018). The State also criticized Mujahid's argument regarding his de facto life sentence, noting there was no consistent approach as to what amounted to a de facto life sentence among the various authorities Mujahid cited. (Doc. 13-2 at 105-108, Exh. H.) Mujahid filed a reply. (Doc. 13-2 at 110-118, Exh. I.)

The PCR court denied Mujahid's petition. (Doc. 13-2 at 120-124, Exh. J.) The court began by observing that "it [was] unclear if *Miller* even applies," because Mujahid was paroled on the murder charge but remained in prison on two remaining sentences that were not life sentences. *Id.* Relying on *Helm, supra*, the PCR court found that Mujahid's arguments were unsupported by Arizona law. *Id.* The PCR court further noted that the Eighth Amendment does not prohibit lengthy aggregate sentences and "prohibits the imposition of life without parole sentences on a juvenile defendant only for *nonhomicide* offenses." *Id.* (emphasis original). The PCR court thus found Mujahid failed to present "a colorable claim that would provide relief under Rule 32 [of the Arizona Rules of Criminal Procedure] and [was therefore] not entitled to an evidentiary hearing." *Id.*

Mujahid petitioned for review to the Arizona [C]ourt of [A]ppeals. (Doc. 13-2 at 126-153, Exh. K.) He again argued that the Eighth Amendment prohibited aggregate sentences which exceeded a juvenile offender's expected lifespan. *Id.* He acknowledged, however that *Miller* and *Montgomery* do not expressly apply to the cumulative length of consecutive sentences for juvenile offenders. (Doc. 13-2 at 135, Exh. K at 10) (stating "the reasoning in [the *Miller* and *Montgomery*] line of cases also implicates de facto JLWOP [juvenile life without parol] sentences") (emphasis added). Rather, he argued that the [C]ourt of [A]ppeals should, in effect, reverse its prior decisions and conclude *Miller* and *Montgomery* apply to cumulative sentences. *Id.*

The [C]ourt of [A]ppeals granted review of Mujahid's petition. (Doc. 13-2 at 155-156, Exh. L.) The [C]ourt of

- 3 -

> [A]ppeals noted that Mujahid asked the court to revisit "the argument that *Montgomery* and *Miller*, which prohibit life sentences for juvenile offenders without a meaningful opportunity for release, apply to non-life, consecutive sentences." *Id*. The [C]ourt of [A]ppeals "decline[d] to do so," and denied relief. *Id*.

(Doc. 24 at 3–6.)

In his Petition, Mujahid asserts the state court's decision was contrary to or involved an unreasonable application of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Graham v. Florida*, 560 U.S. 48, 68 (2010). Specifically, Mujahid argues: (1) "The Eighth Amendment prohibits aggregate sentences that exceed a juvenile offender's expected lifespan"; (2) the Arizona Court of Appeals decision was "contrary to or involved an unreasonable application of *Miller* and *Montgomery*"; and (3) the Ninth Circuit "has recognized that *Graham*, *Miller*, and *Montgomery* apply to 'de facto' life without parole sentences." (Doc. 1 at 11, 13, 16.) Mujahid also argues: "By refusing to consider evidence supporting Mr. Mujahid's claims, the state court decision was based on an unreasonable determination of the facts in light of the evidence." (*Id.* at 16.)

Respondents filed an Answer urging the Court to dismiss the Petition as untimely and arguing: "The state court's denial of Mujahid's PCR petition was not contrary to, nor did it involve an unreasonable application of, clearly established federal law." (Doc. 13 at 6–7.) Specifically, Respondents asserted Mujahid is not entitled to relief because the United States Supreme Court "has never held that a juvenile defendant's lengthy cumulative prison term, based upon consecutive sentences—that are not themselves life without the possibility of parole—violates the juvenile defendant's Eighth Amendment right to be free from cruel and unusual punishment." (Doc. at 9.) Respondents also argue the state court's denial of the PCR petition "was not an unreasonable determination of the facts in light of the evidence presented." (*Id.* at 14.)

Mujahid filed a Reply arguing his Petition is timely because he is entitled to equitable tolling. (Doc. 22.) Specifically, he asserted the State has the burden of arguing

- 4 -

timeliness, so he did not need to affirmatively plead it in his Petition, and he did "not know, and could not have known, that *Miller v. Alabama* had been decided" because the "prison law library did not contain case law" and he "had no other way to obtain new Supreme Court case law." (*Id.* at 3.)  As to the merits, Mujahid argued:  (1) his sentence is "materially indistinguishable" from a life sentence without the possibility of parole; (2) "[r]elief was not foreclosed by *Jones v. Mississippi*"; and (3) he is entitled to an evidentiary hearing to develop his claim that his limited life expectancy will likely mean his sentence is a de facto [life sentence without parole]." (*Id.* at 4–9.)

### III.   Report and Recommendation

Judge Macdonald found Mujahid's Petition untimely because *Miller* was announced in 2012, so he had until 2013 to file his Petition and, therefore, is eight years too late. (Doc. 24 at 7.)  Judge Macdonald rejected Mujahid's equitable tolling argument because he did not demonstrate the eight-year delay was due to extraordinary circumstances from an external force, rather than his lack of diligence. (*Id.* at 8.)  That is, Judge Macdonald found Mujahid's "failure to recognize that the statute of limitations began to run from the date *Miller* was decided" did not entitle him to equitable tolling. (*Id.* at 9.)

As to the merits, Judge Macdonald found the "state court's denial of Mujahid's PCR petition was not contrary to, nor did it involve an unreasonable application of, clearly established federal law" because "the Supreme Court has never held that a juvenile defendant's lengthy cumulative prison term, based upon consecutive sentences—that are not themselves life without the possibility of parole—violates the juvenile defendant's Eighth Amendment right to be free from cruel and unusual punishment." (Doc. 24 at 9–10, 13.)  Judge Macdonald also found the state court's denial of Mujahid's PCR petition was "not an unreasonable determination of the facts in light of the evidence presented" because he was not entitled to relief under *Graham*, *Miller*, or *Montgomery*, and, under Arizona law, Arizona courts need not hold an evidentiary hearing where there are no material facts in dispute and the only issue is the legal consequences of the undisputed material facts. (*Id.* at 16–17.)

Judge Macdonald, therefore, recommended this Court dismiss Mujahid's Petition. (Doc. 24 at 17.)

### IV.     Objections

Mujahid objects to the R&R's finding that his Petition was untimely and again argues he is entitled to equitable tolling of the one-year statute of limitations because "he did not know—and had no reason to know—that *Miller* had been decided" because "[t]he prison law library did not contain case law and he had no way of otherwise accessing new Supreme Court case law." (Doc. 25 at 1–2.) That is, Mujahid merely repeats the same argument regarding timeliness that he made before the magistrate judge. As explained above, an objection to an R&R it not a second opportunity to present arguments already considered by the magistrate judge. *See Betancourt*, 313 F. Supp.2d at 34; *see also Camardo*, 806 F. Supp. at 382. To the extent Mujahid urges the Court to apply equitable tolling because the prison law library did not contain the relevant case law, the Court notes Mujahid's reliance on *Lehman v. United States*, 154 F.3d 1010 (9th Cir. 1998), is misplaced. Contrary to Mujahid's assertion, that case does not stand for the proposition that a "petitioner's lack of knowledge of the limitations period is a ground for equitable tolling." That case did not involve a habeas petition, but rather explained that equitable tolling "focuses primarily on the plaintiff's excusable ignorance of the limitations period," and concluded "the absence of legal advice from the government's counsel" did not excuse the plaintiff's ignorance of the statute of limitations. *Id.* at 1016. Mujahid does not cite, and the Court has not found, any authority supporting his assertion that a habeas petitioner is entitled to equitable tolling because the prison law library lacked particular case law. Thus, the Court concludes Mujahid's Petition is untimely.

Mujahid also argues, for the first time, 29 U.S.C. § 2244(d) violates the Suspension Clause of the United States Constitution to the extent that it bars his Petition as untimely. (Doc. 25 at 3–5.) He did not present this argument to the Magistrate Judge and has, therefore, waived it. *See Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017) (arguments waived when raised for first time in objection to magistrate judge's R&R).

Accordingly, the Court declines to address it.

Mujahid objects to the R&R's conclusion that the state proceedings did not result in a decision that is "'contrary to, or an unreasonable application of, federal law' because the case upon which [he] relied to establish that his sentence was the functional equivalent of a [life without the possibility of parole] sentence is a decision of the Ninth Circuit, *Moore v. Biter*, 725 F.3d 1184 (9th Cir. 2013), and not the Supreme Court." (Doc. 25 at 6.) Mujahid contends "this argument ignores the fact that the clearly established federal law upon which [he] rests his position—*Miller* and *Montgomery*—are Supreme Court decisions." Mujahid acknowledges that this Court is "not [] required to grant relief under ADEPA to a new rule of law established by the Ninth Circuit," but he asserts this Court "is bound by the Ninth Circuit's interpretation of clearly established federal law announced by the Supreme Court." (*Id.* at 6.) That is, Mujahid argues this Court must follow *Moore*, which, he contends, "requires this Court to hold that a term-of-years sentence that is 'materially indistinguishable from a life sentence' be treated as the functional equivalent for eighth amendment purposes." (*Id.* at 7.)

### V. Respondents' Reply

Respondents argue Mujahid's claim fails on the merits because he has failed to "demonstrate that the state court's rejection of his *Miller* claim was objectively unreasonable," so he has failed to show "the R&R erred in finding his claim meritless." (Doc. 26 at 4.) Respondents explain the Supreme Court has not addressed the constitutionality of imposing cumulative prison sentences on juvenile defendants, as *Montgomery* and *Miller* addressed a juvenile's life-without-parole sentence, and *Graham* addressed a defendant's life sentence. (*Id.* at 4–5.) Therefore, Respondents contend, to conclude Mujahid's consecutive prison sentences violate the Eighth Amendment "would have required the State courts to extend Supreme Court precedent to grant him relief," which therefore shows the rationale on which Mujahid relies, by definition, was not clearly established at the time of the state court's decision. (*Id.* at 5.)

Respondents assert Mujahid's argument that *Moore* requires this Court to grant

relief fails for three reasons: (1) Mujahid's claim is based on *Miller* and *Montgomery* and *Moore* "does not represent an interpretation of *Miller* or *Montgomery*, and thus has no bearing on Petitioner's *Miller* claim"; (2) *Moore* involved sentences that totaled more than 250 years for non-homicide offenses, whereas Mujahid's sentences total 45 years and 25 of those are for homicide, and because Mujahid was paroled on the 25-year sentence and is eligible for release on the other two 10-year sentences, he has an opportunity to be released; and (3) Mujahid's sentence for the murder conviction complies with *Miller*, 567 U.S. at 470, because he did not receive a mandatory LWOP [life-without-parole] sentence," and his "10-year sentences for theft and burglary do not violated *Graham*, 560 U.S. at 74, because he did not receive life sentences for nonhomicide offenses." (*Id.* at 6–7.)

## VI. Discussion

As a threshold matter, Mujahid's Petition is not timely. Judge Macdonald correctly explained Mujahid is not entitled to equitable tolling of the one-year statute of limitations because he has not shown extraordinary circumstances "stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). For that reason alone, the Court could dismiss it. However, even if the Petition was timely, the Court concludes the state court's decision as not "contrary to," and did not "involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state-court decision involves an unreasonable application of [the Supreme Court's] clearly established precedents if the state court applies [the Court's] precedents to the facts in an objectively unreasonable manner." *Id.*

To the extent Mujahid argues the R&R erred by not following *Moore*, the Court disagrees that Mujahid is entitled to relief under *Moore*. First, as Respondents correctly note, *Moore* involved the Ninth Circuit's application of *Graham*—not *Miller* or *Montgomery*, which are the cases on which Mujahid's Petition is based. In *Graham*, the Supreme Court "clearly established that the Eighth Amendment prohibits the punishment of life without parole for juvenile nonhomicide offenders." *Moore*, 725 F.3d at 1186. There, the juvenile defendant was sentenced to life plus fifteen years and, because Florida had abolished its parole system, the sentence was, in effect, life without the possibility of parole. *Id.* at 1188 (citing *Graham*, 560 U.S. at 57). The Supreme Court held the Eighth Amendment prohibits imposing a life-without-parole sentence on a juvenile who did not commit homicide and noted that while a state "need not guarantee the offender eventual release," if it imposes a life sentence, "it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Id.* at 82. Therefore, Graham's sentence was unconstitutional. *Id.*

Three years after *Graham*, the Ninth Circuit found the state court decision in *Moore* "was contrary to the clearly established Federal law set forth in *Graham*." *Moore*, 725 F.3d at 1194. Moore was sentenced to 254 years, with the possibility of release after 127 years and two months, after being convicted of a total of 24 counts: nine counts of forcible rape, seven counts of forcible oral copulation, two counts of attempted second degree robbery, two counts of second degree robbery, forcible sodomy, kidnaping with the specific intent to commit a felony sex offense, genital penetration by a foreign object, and the unlawful driving or taking of a vehicle. *Id.* at 1186–87. The jury also found Moore has used a firearm while committing his crimes. *Id.* at 1186. Because Moore would have had to live to be 144 years old before he could be released, the Ninth Circuit found his sentence was "materially indistinguishable from the sentence in *Graham*," because both sentences denied the juvenile the chance to return to society. *Id.* at 1192. The Ninth Circuit also found Moore's crimes were materially indistinguishable from Graham's crimes because the Supreme Court in *Graham* "drew only one line that was crime-specific: it distinguished

between homicide and nonhomicide crimes." *Id.*

First, Mujahid's sentence here—life with the possibility of parole after 25 years followed by two ten-year consecutive sentences—is materially distinguishable from the sentences in *Moore* and *Graham*. Indeed, Mujahid was granted parole on the life sentence in 2014 after he had served 25 years, and he will be eligible for release after serving two-thirds of the remaining ten-year terms. (Doc. 13-1 at 155–56, Exh. L ¶ 2.) In other words, Mujahid will be eligible for release after having served a total of 38.33 years. This is vastly different and distinguishable from the 127 years or life-without-parole sentences addressed in *Moore* and *Graham*. Second, Mujahid's crimes are materially distinguishable from those in *Moore* and *Graham*, as Mujahid was convicted of first-degree murder. (*Id.*) As the Ninth Circuit noted in *Moore*, the Supreme Court has explained the "line between homicide and other serious violent offenses" is justified because "[l]ife is over for the victim of the murderer, but for the victim of even a very serious nonhomicide crime, life . . . is not over and normally is not beyond repair." *Moore*, 725 F.3d at 1192 (quoting *Graham*, 130 S.Ct. at 2027). Based on these materially distinguishable facts, Mujahid's reliance on *Moore* is unavailing and the Court finds no error in the R&R on this point. Accordingly,

**IT IS ORDERED** Magistrate Judge Macdonald's Report and Recommendation (Doc. 24) is **accepted**.

**IT IS FURTHER ORDERED** Mujahid's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed**

**IT IS FURTHER ORDERED** the Clerk of Court shall docket accordingly and **close this case**.

Dated this 6th day of April, 2023.

Honorable Scott H. Rash
United States District Judge